IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHEILA A. DENTON, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 97-CV-55-TCK |
| | ) | |
| STEVEN M. DODSON, an individual, | ) | |
| SONTHEIM ASSET MANAGEMENT, INC., | ) | |
| an Oklahoma corporation; | ) | |
| HEILBRONN DEVELOPMENT, L.L.C., | ) | |
| an Oklahoma limited liability company; and | ) | |
| CAPITAL ALLIANCE, INC., | ) | |
| an Oklahoma corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Defendant Steven M. Dodson's Motion for Relief from Judgment (Doc. 53).

I.      **Background**

On November 5, 1997, the Court entered judgment in favor of Plaintiff Sheila A. Denton ("Plaintiff") and against Defendant Steven M. Dodson ("Dodson") in the amount of $336,831 (Doc. 31). The Court issued a writ of execution on January 29, 1998. On December 4, 2002, Plaintiff filed a Notice of Renewal of Judgment. Plaintiff filed another Notice of Renewal of Judgment on September 25, 2007 ("2007 Notice of Renewal"). Plaintiff filed the most recent Notice of Renewal of Judgment on September 26, 2012 ("2012 Notice of Renewal"). Dodson filed this motion on September 25, 2013, seeking relief from the judgment based on Plaintiff's failure to comply with the procedures relating to the renewal of judgments.

## II.      Discussion

State law governs the procedure on execution of judgments in federal court.  Fed. R. Civ. P. 69(a)(1).  Under Oklahoma law, "a judgment shall become unenforceable and of no effect if more than five (5) years have passed from the date of . . . the last notice of renewal of judgment was filed with the court clerk."  12 Okla. Stat. § 735(B)(2); *see also Lawrence Systems, Inc. v. Superior Feeders, Inc.*, 837 P.2d 488, 490 (Okla. Civ. App. 1992).

Plaintiff argues only five years (and not *more* than five years) passed between the 2007 and 2012 Notices of Renewal.  Plaintiff relies on Rule 6(a)(1)(A) of the Federal Rules of Civil Procedure, which provides that the day of the event that triggers the period of time shall be excluded when computing a period of time stated in days or longer.  Applying this provision, Plaintiff contends the five-year period began September 26, 2007 – the day after the 2007 Notice of Renewal was filed on September 25, 2007 – and ended on September 26, 2012, the date the 2012 Notice of Renewal was filed.

The Court rejects Plaintiff's argument.  Under Rule 6(a), "when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act. The anniversary date is the 'last day to file even when the intervening period includes the extra leap year day.'" *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) (quoting *United States v. Marcello*, 212 F.3d 1005, 1008-09 (7th Cir. 2000)).  Therefore, Plaintiff's proposed calculation expands the five-year period to five years and one day.  The five-year period began on September 26, 2007 but ended on September 25, 2012, the anniversary of the filing of the 2007 Notice of Renewal.  Because more than five years passed from the date of the 2007 Notice of Renewal to the

date of the 2012 Notice of Renewal, the Court deems the judgment satisfied and relieves Dodson

from the judgment pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure.[1]

## III.    Conclusion

Defendant Steven M. Dodson's Motion for Relief from Judgment (Doc. 53) is GRANTED.

The Judgment entered November 5, 1997 (Doc. 31), and Defendant Steven M. Dodson is relieved

from the Judgment pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED this 24th day of April, 2014.**


_Terence Kern_

**TERENCE KERN**
**United States District Judge**

---

[1]  Dodson continued to make monthly payments on the judgment after Plaintiff filed the 2012 Notice of Renewal.  In her response, Plaintiff suggests Dodson's continued payments indicate that the judgment remains valid and enforceable without citing any authority for her argument.  However, Oklahoma law invalidates Plaintiff's argument.  *See First of Denver Mortg. Investors v. Riggs*, 692 P.2d 1358, 1363 (Okla. 1985) (finding that "a partial payment does not prevent the running of the dormancy statute"), *overruled on other grounds by Drllevich Constr., Inc. v. Stock*, 958 P.2d 1277 (Okla. 1998).